DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID ADAM SMART,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2022-2375

[February 7, 2024]

Appeal from the County Court for the Nineteenth Judicial Circuit, St. Lucie County; Kathryn M. Nelson, Judge; L.T. Case No. 562019MM002442A.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Kimberly T. Acuña, Senior Assistant Attorney General, West Palm Beach, for appellee.

ARTAU, J.

We affirm the defendant's misdemeanor conviction for willfully violating a condition of pretrial release, as proscribed by section 741.29(6), Florida Statutes (2021). However, we accept the State's concession of error with respect to the trial court's imposition of a $500 lien as the fee for the public defender's services because the amount imposed exceeded the statutorily authorized maximum without "a showing of sufficient proof of higher fees" incurred, as required by section 938.29(1)(a), Florida Statutes (2021), and the trial court failed to inform the defendant of his right to contest the amount of the lien as required by Florida Rule of Criminal Procedure 3.720(d)(1).

A trial court is required to impose as part of the judgment in every misdemeanor case "no less than $50" as a fee for the representation provided the defendant by court-appointed counsel. § 938.29(1)(a), Fla. Stat. (2021). A trial court may only "set a higher amount" for the lien imposed for the fee "upon a showing of sufficient proof of higher fees . . . incurred." *Id.*

At the defendant's sentencing, the trial court imposed the $500 lien for the public defender's fee without hearing any evidence in support of the amount assessed. The trial court also imposed the lien without advising the defendant of his "right to a hearing to contest the amount of the lien." Fla. R. Crim. P. 3.720(d)(1).

As the defendant argues and the State concedes, "if the trial court imposes a higher public defender fee than the statutory minimum, the court must inform the defendant that he has a right to contest the fee at a hearing." *Taylor v. State*, 352 So. 3d 346, 348 (Fla. 4th DCA 2022); *see also* Fla. R. Crim. P. 3.720(d)(1) (2021) (requiring trial courts to notify defendants, "represented by a public defender or other court appointed counsel," of "the imposition of [the statutory lien required by] section 938.29," and advise them of the "right to a hearing to contest the amount of the lien" when sentence is imposed).

We therefore reverse the $500 lien for the public defender's fee. On remand, the trial court is directed to either reduce the amount of the lien to the statutorily required minimum or provide the defendant with notice and an opportunity to object to the greater amount at a hearing. *See Godfrey v. State*, 180 So. 3d 218, 219 (Fla. 4th DCA 2015) (reversing $300 public defender's fee and remanding either for a reduction in the fee to the statutory minimum amount required, or notice to the defendant and an opportunity to object to the greater amount at a hearing); *see also Escobar v. State*, 308 So. 3d 174, 176 (Fla. 4th DCA 2020) (reversing $500 public defender fee and remanding either for a reduction in the fee to the statutory minimum amount required, or a hearing justifying the greater amount).

*Affirmed in part, reversed in part, and remanded with instructions.*

KLINGENSMITH, C.J., and KUNTZ, J., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**

2